UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV361-3-MU
3:03CR218-MU

| | |
|---|---|
| CHRISTOPHER REGINALD HINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Bond Pending 28 U.S.C. § 2255 Review" (Document No. 9.)

On August 27, 2007 Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 which contained claims of ineffective assistance of counsel involving two different attorneys as well as claims of actual innocence and prosecutorial misconduct. On August 30, 2007 this Court entered an Order directing the Government to file an Answer to Petitioner's Motion to Vacate within sixty days. On October 30, 2007 counsel for the Government filed a Motion for an Extension of Time to file an Answer, which this Court granted. The Government's Answer is due on or before November 19, 2007.

Federal Rule of Appellate Procedure 23 governs the issue of release of a state or federal prisoner who is collaterally attacking his criminal conviction. However, in the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318 (9th Cir. 1989). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts

surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (quoting Aronson v. May, 85 S. Ct 3, 5 (1964)); see also, U.S. V. Perkins, 53 Fed. Appx. 667 (4th Cir. 2002). Showing that there is a substantial question is not enough. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. U.S. v. Mett, 41 F.3d 1281 (9th Cir. 1994).

Mr. Hines argues that this Court should grant his motion for bond because he has "presented a substantial Federal Constitutional claim that shows and supports a clear case of law and facts." (Motion at 3.) Although Mr. Hines cites to the appropriate standard governing this type of motion, he makes no attempt to argue any special or extraordinary circumstances. Mr. Hines has not satisfied the high standard governing motions for release pending appeal. Therefore, Petitioner's Motion for Bond is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Bond is **DENIED** (Document No. 9.)

**SO ORDERED**.

Signed: November 15, 2007

Graham C. Mullen
United States District Judge