UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CV-361-MU
(3:03-CR-218-MU)

| | | |
|---|---|---|
| **CHRISTOPHER REGINALD HINES,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner's "Renewed Motion for Bond on Extraordinary Circumstances" filed on June 30, 2008. (Document No. 44.)

On August 27, 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 which included claims of prosecutorial misconduct and ineffective assistance of counsel involving two different attorneys as well as claims of actual innocence. On November 13, 2007, Petitioner filed a Motion for Bond Pending 2255 Review. (Doc. No. 9.) On November 15, 2007, this Court denied that motion for failing to meet the high standard governing motions for release pending appeal. (Doc. No. 10.) On November 30, 2007, Petitioner filed a Motion for Reconsideration regarding the Court's Order denying Petitioner's Motion for Bond. (Doc. No. 13.) On December 10, 2007, this Court denied Petitioner's Motion for Reconsideration. (Doc. No. 14.) On January 14, 2008, Petitioner filed a second Motion for Bond based on new evidence. (Doc. No. 25.) This Court denied that Motion for Bond on January 16, 2008, again finding that Petitioner failed to meet the high standard governing

motions for release pending appeal. (Doc. No. 26.) On June 30, 2008, Petitioner filed the instant Motion for Bond renewing his assertions that his circumstances are "extraordinary" within the meaning of the standard for bond release pending appeal.

Petitioner has not met the high standard required by the Federal Rule of Appellate Procedure 23 for state or federal prisoners requesting release pending the outcome of a motion collaterally attacking their conviction. In the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstance or a high probability of success." Land v. Deeds, 878 F.2d 318 (9th Cir. 1989). A prisoner seeking release must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (quoting Aronson v. May, 85 S. Ct. 3, 5 (1964)); see also, United States v. Perkins, 53, Fed. App'x. 667 (4th Cir. 2002). Showing that there is a substantial question is not enough. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. United States v. Mett, 41 F.3d 1281 (9th Cir. 1994).

As this Court has already noted in its three previous Orders denying Petitioner's Motions for Bond and Reconsideration, Petitioner has not met the appropriate standard required to be granted bond. In the instant motion, Petitioner has not set forth any facts or circumstances which warrant a different conclusion than this Court has previously drawn. Petitioner merely sets forth the facts of his case, including the dates and circumstances of his arrest and hearings, asserts that he has had no incidents since imprisonment, and summarizes the claims made in his original §

2255 Motion. In arguing that his case falls within the "extraordinary circumstances" required for release on bond pending appeal, Petitioner appears to argue that it is "extraordinary" that he has met his burden of proof at this stage of the proceedings and that it is "extraordinary" that the facts he proffers prove that his plea was involuntary. This Court finds that Petitioner has again failed to meet the extremely high standard of proof required in order to succeed in a Motion for Bond pending appeal proceedings.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Bond on Extraordinary Circumstances (Doc. No. 44) is **DENIED**.

**SO ORDERED**.

Signed: July 11, 2008

Graham C. Mullen
United States District Judge