**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07CV361-3-MU**
**(3:03CR218-MU)**


CHRISTOPHER REGINALD HINES,   )
                                 )
     **Petitioner,**              )
                                 )
        **v.**                  )         **O R D E R**
                                 )
UNITED STATES OF AMERICA,     )
     **Respondent.**             )
_____)

      **THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration, filed

October 21, 2009 (Document No. 59); Petitioner's Notice of Evidentiary Support, (Document No.

60); and Petitioner's Request for Bond (Document No. 61.) Rule 59(e) states that "[a]ny motion to

alter or amend a judgment shall be filed no later than 10 days after entry of judgment." In this case,

this Court denied Petitioner's Motion to Vacate on October 1, 2009 (Document No. 57.) Petitioner

signed and dated the instant motion on October 16, 2009 and it was filed in the Clerk's Office on

October 21, 2009. Petitioner's motion for reconsideration was filed within the 10 day period

permitted by Rule 59(e).[1] [2]

## ANALYSIS

     A motion for reconsideration under Rule 59(e) is committed to the sounds discretion of the

---

[1] See Rule 6(a).

[2] See e.g. <u>Allender v. Raytheopn Aircraft Co.</u>, 439 F.3d 1236, 1242 (10th Cir. 2006) ("If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b).")

Court.  Pacific. Ins. Co. v. American. Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4ᵗʰ Cir. 1998).

Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds for amending an earlier judgment: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4ᵗʰ Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4ᵗʰ Cir. 1998). In effect, Rule 59(e) "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate procedures.'" Pacific Ins. at 403. However, "[t]he Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id., quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).   Further, as a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id.

Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law.[3]  Rather, by filing this Motion, Petitioner essentially seeks to relitigate issues decided adversely to him by this Court in this Court's October 1, 2009 Order denying his Motion to Vacate filed pursuant to 28 U.S.C. § 2255 which is not a proper use of a motion for reconsideration.  After a thorough review of this Court's October 1, 2009 Order and

---

[3] The Court does note that Petitioner attempts to argue that this Court's decision was a clear error of law, but in reality, Petitioner disagrees with this Court's legal conclusions and seeks to relitigate those issues with which he disagrees.  The Court notes that Petitioner may avail himself of the appellate process by filing a Notice of Appeal in the Fourth Circuit Court of Appeals.

Petitioner's motion, the Court finds that the Order must remain unaltered. The Court fully considered Petitioner's arguments in deciding Petitioner's Motion to Vacate and nothing in the present motion gives the Court reason to alter its prior conclusions. Therefore, Petitioner's motion is denied.

With respect to Petitioner's motion for bond, the Court notes that Petitioner has requested bond in this case four times (Doc. Nos. 9, 25, 44, and 46) and has twice requested that this Court reconsider its Order denying bond (Doc. Nos. 13, 48). The Court has denied Petitioner's motions for bond (Doc. Nos. 10, 26, 45, and 47) and his motions for reconsideration (Doc. Nos. 14, 49.) As stated in the Court's previous Orders denying bond, Petitioner has not satisfied the high standard governing release pending appeal. Petitioner has not set forth any facts or circumstances which warrant a different conclusion than this Court has previously drawn. Therefore, Petitioner's motion for bond is denied.

**THEREFORE, IT IS HEREBY ORDERED** that:

(1)     Petitioner's Motion for Reconsideration  (Doc. No. 59) is denied; and

(2)     Petitioner's Motion for Bond (Doc. No. 61) is DENIED.


**SO ORDERED**.


Signed: October 22, 2009

Graham C. Mullen
United States District Judge